Hhvian, C. J.
In the transcript in the above named suit, we find two orders of appeal.
One is from an or. er of the clerk of the District Court, ordering the registry, recording and execution, of the will of Caroline M. Williams, deceased.
There is no certificate that the transcript contains the evidence adduced on the trial of the application for the order of registry and execution of *42 tlie will. There is no statement of facts nor bill of exceptions. There has not been filed in this Court, within the delay allowed bylaw, an assignment of error of law as appearing on the face of the record.
The appeal, therefore, from the order of the clerk, ordering the registry and execution of the will, must be dismissed. See Code of Practice, Articles 896 and 897.
The other order of appeal is from a decree of the Court overruling defendants’ exception, wherein they deny the right of plaintiff to sue them, for debts alleged to be owing by them to the estate of Caroline M. Williams, deceased.
The plaintiff sued the defendant as the administrator of the estate, by the appointment of the Probate Court of Adams county, State of Mississippi, and defendants, in their exception, averred that he had not been recognized administrator of the succession by authority of this Stato, that the succession had not been opened herein, and that plaintiff had no authority to sue them, and prayed that the suit might be dismissed.
The amount claimed in this case, gives us jurisdiction as appellate Court from a decree of the lower Court, but the decree from which the appeal is taken is interlocutory, and it is not shown that the same may cause an irreparable injury to the defendants, the appellants, and had the plaintiff, the appellee, moved to dismiss the appeal from this decree, we would have dismissed it.
We do not think that it is incumbent on us to dismiss the appeal without a motion for that purpose, as we really have appellate jurisdiction of the case, and the parties are before us.
The exception of the defendants was well taken, and the suit should have been dismissed.
The plaintiff was appointed in the State of Mississippi, and, by its authority, administrator of the estate of Caroline M. Williams, deceased; but he has not obtained a confirmation of his appointment in our courts, and, before so doing, he has not the right to sue the defendants in this State, for debts owing by them to the estate.
An administrator of an estate has not authority beyond the limits of the State that appoints him.
He can neither administer the property of the estate situated in another State, nor collect debts therein owing to the estate. 8 La. 508. 17 An. 15.
He must be confirmed in his administration by the courts of the State in which the property is situated or the debts are owing, before he can administer the property or sue therein for the debts.
Plaintiff has referred ns to several decisions of this Court, wherein this Court has su stained suits of administrators appointed by authority of other States, without their appointments having been confirmed by authority of this State, for the recovery of the possession of property brought to this State from the States that appointed them, and he relies oh those decisions to sustain this suit.
The decisions are only confirmatory of the doctrince announced in 2 N. S. p. 20, “that he who is answerable to another for a thing placed in his possession, has such a special property in it as to enable him to maintain an action for its possession, if taken by a stranger.”
*43 The plaintiff is not suing the defendants to recover from them the possession of property belonging to the estate of Caroline M. Williams, and. which was under his charge by virtue of his appointment of administrator by authority of the State of Mississippi, and of which he has been dispossessed by defendants, or any other person; but he is seeking to recover of defendants a sum of money by process in our courts, on evidence of indebtedness, of which he has the possession and control.
It is decreed that the appeal from the order of the clerk, ordering the registry, recording and execution, of the will of Caroline M. Williams, deceased, be dismissed, at the costs of the appellants.
It is further decreed, that the judgment of the District Judge, overruling the defendants’ exception, be avoided and reversed, that the exception be sustained, and that the suit brought by plaintiff against defendants, styled Richard Mason, Adm’r, v. Executors of Haller Nutt, be dismissed, plaintiff to pay all the costs of said suit.